410-0123, John Bell v. Don Prudhome Racing. We have for the appellant, Rochelle Funderburg, and for the appellee, David Pritchett. Ms. Funderburg. May it please the court and counsel, my name is Rochelle Funderburg. I represent the plaintiff, Appelant, in this case. The issue really before the court is one, that is whether or not the trial court was correct in finding that it lacked jurisdiction to hear the case of the plaintiff regarding the mandatory discharge. In terms of the case before this court, there are really three theories under which the trial court and this court could find jurisdiction. Those are specific jurisdiction, general jurisdiction, and then under what the appellate courts have called the catch-all phrase for the Illinois long-arm statute, which was actually amended in 1989. Regarding specific jurisdiction, the issues before the trial court were whether or not this defendant transacted business and whether or not the case before it arose from the transaction of that business. Another issue was whether or not a tort occurred in the state of Illinois such that the trial court could find jurisdiction. And the third issue was whether or not there was either a making or performance of a contract that was performed either in full or in part in Illinois or was substantially related to Illinois. Is it your position that any one of these three would be enough to give the court jurisdiction? Yes. In fact, I think this court could find jurisdiction under any one of these three theories. And the reason is because if you apply each of these theories to the facts that were before the trial court, I think that jurisdiction lies under any of these theories. For example, the transaction of business and whether or not it related to the issue before the trial court, there isn't any question that the defendant transacted business in the state of Illinois. In terms of the affidavits that were before the trial court, we established that at the very least the defendant who was in the business of racing actually went to three races in Illinois in every year that the plaintiff was employed by that company. Two in Will County and one in Madison. And that the plaintiff, who was located in Illinois for at least a part of his employment, actually performed services in the state of Illinois. And the notion of retaliatory discharge is essentially the employment contract between the parties has been breached. So I think you can say absolutely the defendant transacted business here and this cause of action arose from that. Interestingly enough, you could also find that the tort of retaliatory discharge occurred here in the state of Illinois. Now, what the trial court found was in fact that the tort did not occur in the state of Illinois because the last act that took place did not occur in Illinois. What was that? The decision to fire the plaintiff. What the trial court found was wherever the decision maker is located is where the tort occurred. And I think the argument is it's not only the decision to terminate, but a communication of that decision to the employee. So I argued before the trial court, which the trial court rejected, that once they made the decision and then communicated it to the plaintiff who was in Illinois, that's where the tort occurred. Would you agree there's no Illinois case on that precise point? That's true. I've looked. I have looked and I suspect we all agree I cannot find a case that's directly on point with these kinds of fact patterns. The other thing is in terms of specific jurisdiction, was there a making or performance of any contract within the state of Illinois or did it have a substantial connection to the state of Illinois? Certainly, at least a portion of the employment contract was performed in the state of Illinois because the plaintiff went to these three races every year that he was employed by the Defend Act. So I think that's enough for purposes of that portion of the specific jurisdiction theory. In terms of general jurisdiction, that issue is really does the non-resident defendant do enough business here so that you can submit to the jurisdiction of the court for any reason? It doesn't have to be related to that particular business. I would say that indeed these trips every year coupled with the fact that they employed my client in the state of Illinois and that he actually got his assignments from the Defend Act while he was in the state of Illinois is enough to support jurisdiction in the state of Illinois. I would say the other things that you have to look at are who initiated the contact, that was the defendant, where the contract was entered into, that was a difference of opinion, and where the performance of the contract was to take place and certainly again a portion of it at the very least took place here in the state of Illinois. Finally, if you get to what's called the catch-all under this Illinois long-arm statute, that statute provides that a court may also exercise jurisdiction on any basis as long as it's permitted by the Illinois Constitution and the Constitution of the United States. With regard to that, the courts have held that although those standards may be different right now, all of the courts that have reported decisions under that statute have found there was really no difference in the reported cases between the Illinois Constitution and the U.S. Constitution. So then you look at are there minimum contacts such that under international shoe it does not offend traditional notions of fair play and substantial justice. I think there's no question that there are at least sufficient minimum contacts between this defendant and the state of Illinois such that it's not unreasonable and does not offend traditional notions of fair play to say you should defend in the state of Illinois. They reached out to a citizen of the state of Illinois, they performed at least part of that employment contract in the state of Illinois, and when they finally contacted him to say you are terminated, that was done via phone while he was at his home in Illinois. And so then you go on under Illinois to say is it fair, just, and reasonable to require this non-resident defendant to defend considering the quality and the nature of the acts which have occurred in Illinois. By the way, are there any facts in dispute in this case? There are some facts in dispute. What are they? Well, the reason there are facts in dispute is because on the affidavits that were submitted, my client said, for example, that he actually offered and accepted employment while he was in the state of Illinois. And the defendant via affidavit said we did not actually confirm employment until he was out in California. So certainly that is a fact that was in dispute. I think there were a couple of other things. My client said, for example, that he, during the employment, maintained, repaired, and stored equipment belonging to the defendant at his home. And what the defendant said was, well, maybe he did, maybe he didn't, but he wasn't authorized to do that. I guess the other thing is... Well, is that in dispute? Well... Because those don't sound to be necessarily contradictory. Not necessarily. I suppose the dispute would be the legality of that. Even though my client did it, what they're saying is, well, it's, you know, you can't just volunteer to do things, and so it shouldn't be taken into consideration. So there were those kinds of things. One thing, I think they said that, you know, whether he was employed, and he was located in Illinois, but he could have been employed anywhere. So there were some facts that were in dispute. Not a great deal, to be honest. So I think that when you look at the overall picture here... Well, what about the actual termination? Any facts pertaining to that in dispute? I don't believe there were. I mean, I think everybody agrees here is that the employer was in another state when they made this decision, and that my client was in Illinois, and he was called from the other state and said, you're terminated. Now, I don't believe those facts are at all in dispute. I think what the defendant was saying is, well, we didn't know where he was when we called him. He could have been anywhere. And so, for purposes of this statute, what they're looking at is where were they located and whether they knew where the plaintiff was. Where were they located when the call was made? I believe they were located in... The company itself was in California, but the manager who made the call was in Florida. So I would think overall, if you look at the particular facts before the trial court and before this court, applying any one of the three theories of jurisdiction, this court can certainly overturn the trial court. That's what we're asking, and that this case be remanded for further proceedings. I have a question. Do any of the cases that you cite deal with A2 of the long-arm statute instead of A1? No. No. You can find none? I couldn't find anything that really dealt strictly with the tort thing. You know, really, when you look at the case law that talks about tortious acts, most of them have to do with, for example, somebody put a product that was bad into the stream of business, and the product ended up here and, you know, there were things of that nature. There was an accident or something. I never found any case that involved a situation where, you know, there was a termination in the last act in terms of firing the person was made in Illinois. So that's the problem. So if we do what you've asked on that ground, we'd be creating new law? I think you'd certainly be confirming. I don't know that you'd be creating new law because the law is that where the last act in terms of a tort occurred is where the tort occurred and there would be jurisdiction. So I think that you would be applying existing law to this particular fact pattern. Certainly you would be saying in the case of retaliatory discharge, the discharge takes place where that person was located. The way I look at it is, is there any difference between this person picking up the phone and calling the plaintiff and saying you're terminated versus sending him a letter? The retaliation does not take place until they have communicated to the employee you are fired. So I think that's what we're talking about here. And you're saying there's no question the law would provide that if the termination was delivered via a letter, that the receipt of the letter would be the key date? I think that's true. I think we get hung up because of the way sometimes the law is not caught up to technology. That's really the problem here. Does it make any difference? I say it doesn't. Thank you. One last question. Excuse me. I should have been a little quicker. The trial court granted the defendant's motion. Was there any explanation provided? Well, at oral argument before the trial court, the trial court itself I think was very taken by this notion of where the tort occurred. Because I remember opposing counsel saying, well, you know, obviously the tort occurred where the decision is made. And the court was very taken by that and said, well, yes, of course. And so I think if you review the record, although there was no written order required, that you will see really that that's what the trial court kind of came down on. Thank you. Thank you. Mr. Kerjack. May it please the court and counsel. In response to your last question, the court did have an explanation as to why the decision was made. The explanation was similar to what counsel stated to you, that the judge determined that the decision, where the decision was made was the important criteria in this instance, not where the person was when they received the news, because that's just fortuitous. And he even talked about, well, what if he was on a cell phone and traveling between Indiana and Illinois, close to where we are, and you have to get down to the split second where he received this message. The thought was, in the trial court, the thought was that it occurs where the decision is made for the termination, which I think makes perfect sense. Well, but if the decision is never communicated, there's never a retaliatory discharge. That's true. And the point that I made to the judge is that it's a little bit of an unusual case here because we have an employee who doesn't work in a fixed location. This employee moves about the country for ten months out of the year and is different places at different times. In this circumstance, the employee was more or less laid off. It was a down period. There was no drag racing taking place around the country at the time. So he's at home. His residence was in Illinois? Yes, it was. Okay. He was at home during this time period. Well, my argument was that, yes, the employer can make the decision and the employer can decide that, well, he's not going to have a job and we'll communicate that to him at some time or another time. But you're correct. The appropriate time for determining when the tort occurs is when it is communicated. Doesn't this kind of two-pronged test take care of the difficulty in saying that the tort occurred when the phone call was made into Illinois because then you go on and examine reasonableness and if, in fact, he'd been in Indiana on his cell phone, the reasonable test would kick it out. Well, there's a couple of different answers to that. The first answer is that the tort occurs when, I believe the tort occurs when the decision is made for him to be terminated, although, in a sense, the retaliation, the retaliatory discharge claim doesn't arise until that's communicated. And it is unusual in this circumstance. In most circumstances, the employee shows up on Monday morning and you tell him you don't have a job anymore and that's when the termination occurs and that's when the retaliation discharge begins. But I think we're talking here more about the timing of the event rather than the location of the event. The point is, it doesn't make any difference where he was when he got the news. Maybe that was the time that the termination took place, but it doesn't establish the location of where the termination took place. And I think an important consideration here is that when you're exercising, first of all, I think general jurisdiction doesn't apply. General jurisdiction, this court made a decision back in February of 2008. I don't believe it's cited in the materials. Well, let me slip that argument on you. How about the person who's doing the termination? What if he or she is driving from one state to another or in the air flying over states? Why would – because they have their cell phone and are in Indiana versus Illinois versus Florida. Why would that be the place? Well, I think if you want to attach a location to where the tort occurs, I think you're correct. Well, I thought that's what you were arguing. If it's important to attach a location. But it occurred here from the place where the phone call was made. Either where the phone call was made or where the decision was made for the termination. And the decision was made in California where this defendant resides. Well, the decision was made while you were driving across the country. So just whatever state you happen to be in where it said, by golly, that's it, we're going to fire this person. I think that's where the tort occurs, yes. I don't think that establishes jurisdiction in that location, though. Because you need to have the sufficient minimum context under the Constitution. So where would jurisdiction lie? Here. In that hypothetical. In this case here, it clearly lies in California. It's where Don Perdomo Racing Incorporated resides. It's no secret. They're not trying to avoid service. In this hypothetical, they're flying over Indiana or they're in Indiana or North Carolina and they reach the decision to terminate. I'd say it's where the residence of the corporation is. It's the state of residence of the corporation. Still in California. One other problem, it seems to me, with the whole concept of the idea that it's when the decision is made or where the decision is made, is that the decision to fire somebody is kind of like an interlocutory order. That is, you know, by God, we're going to fire him. And then if it hasn't been communicated, maybe the next day you think, oh, yeah, you know, maybe we shouldn't or whatever. I mean, it could, you know, I talk with somebody else who says, oh, well, don't fire Ferd. He's a key guy. And have you told him already? No, I haven't. Well, good. Well, you're absolutely right. And that's the situation where the employer picks up the phone and the employer decides in mid-sentence, no, can't do this. Can't terminate that person. There's no tort. There's no retaliation. Nothing's happened. Nothing's happened. That's right. So then you say, okay, but he picks up the phone and he says, sorry, you're fired. You're terminated. That's the tort. That's when it occurs. But that's not where it occurs. Because where it occurs is irrelevant. The timing of when it occurs may be relevant. But I thought you were just telling us that it's when the decision is made, which was the – The irreversible decision. Let me just put it that way. Well, it's not irreversible until it's communicated, is it? Correct. That's right. That's when it's made, but it's not necessarily where it's made. I'm not sure if I follow that. Okay. The important issue, there's a number of different issues, but one of the important issues here is, okay, we're going to try to put a site on where a retaliatory discharge takes place. And it may be difficult to do that. And it may be difficult to say, okay, where physically located on this planet does that decision take place, and is that important? But we can determine when that decision takes place. And if there's a phone call from California to Florida and somebody tells Bob Gregg in Florida, call up Bell, tell Bell he's fired. It takes place when that's communicated. But that doesn't mean it takes place in Illinois. The tort does not occur in Illinois. You can say it occurs in Florida, and that's fine. If it occurs on a plane, then it doesn't make any difference because you're not in any jurisdiction when you're on a plane. Going back to Justice Turner's point, though, it seems that we're talking about this mobile society where the person doing the firing and the person being fired could be in any number of different places at that moment in time. Apparently Judge Jones is concerned about, hey, it might be going back and forth with the defendant, but Justice Turner's point is a good one. The terminator could be doing all kinds of things as well. Between these two situations, why should it be that the corporation's locus, its basis of operation in California, should be selected as, in the absence of anything else, the form in which the tort lies as jurisdiction over it as opposed to Illinois? Because the conduct of the plaintiff is not important in the context of where the jurisdiction lies. It's the conduct of the defendant that's the important consideration in whether this court can assert its jurisdiction over the defendant. The plaintiff can't do things to grant jurisdiction over the defendant. So if the plaintiff moves from Illinois to Indiana or to Wisconsin or wherever, that can't affect the court's assertion of jurisdiction over the defendant. Ever? Well, now that's a good question. If you're saying that the defendant, as agent of the corporation, is doing something for the corporation and some injury or damage arises out of that, then I see your point. That's exactly what we're talking about here. Not the case here because plaintiff was not working, number one. And secondly, perhaps more importantly, the discharge itself in this case is not related to the defendant being in Illinois. The alleged wrongful discharge is related to an alleged accident in Nevada. He has an injury in Nevada. He files a workers' compensation claim. He gets terminated. Illinois doesn't have anything to do with that. The fact that he happens to be in Illinois... He actually got terminated before he even filed the workers' compensation claim. How does that work? That's not, I guess, an issue here, though. It's not really an issue here? Not really. If someone comes in and says, I'm going to file a workers' compensation claim as soon as I can call my attorney and you fire him, that's retaliatory discharge, too. That timing is not... It may become crucial if you find that this court has jurisdiction over the case when we get to the underlying issues. But the point is, the retaliatory discharge or the allegations of retaliatory discharge do not arise out of any of defendant's activities in Illinois. So this doesn't have anything to do with any races in Will County or any races down in Madison County. That's not... So it's not arising out of anything that occurred in Illinois, the retaliatory discharge cases. Okay, I've got a couple of things I'd like to point out, and then I'll wrap it up. This isn't a case where there isn't a neatly identifiable jurisdiction where this case could have been brought. This is not a case where a defendant is somehow trying to avoid the jurisdiction. So by that, you mean that if the plaintiff turns around and goes to California to sue, be embraced there and say, sure, you have jurisdiction, let's go? Yeah, I don't know about the statute of limitations, but the jurisdiction is not an issue at all. California has general jurisdiction over our client. We'll concede that. There's no question about that. And this issue about... You had asked previously about whether there were any factual differences. I don't think there are any real factual differences. There is the plaintiff making the assertion that he was hired in Illinois. That's not a fact. That's a legal conclusion. And we provided, the defendant provided, a lot of information showing that the actual hiring took place in California. I'm not sure that that's a determinative factor, but I don't think there's any dispute on the record as to the facts underlying those... So is it your position that this court, under the peculiar circumstances of this court and the kinds of circumstances associated with it and the parties before us, should look to simply where does the defendant reside and that would be the basis of jurisdiction as opposed to anything else? In this case, absolutely. What if this were a defendant from Hong Kong? How about that? I don't know if... I think if it were a defendant from Hong Kong, the court should not assert jurisdiction over that defendant. Depending on what type of context... Everything else is the same. Everything else, and it could be the same. If the Hong Kong tailors come into Champaign, Illinois... If Don Perdome decided to relocate his operation to Hong Kong and exactly the same circumstances occurred, I would say that's correct. You do not have jurisdiction over his corporation. So the plaintiff would have to go to Hong Kong to sue? Right. But the plaintiff was hired out of a company that he knew was in Hong Kong. Just in this case, even if he states that he thought he was hired in Illinois, he knew for a fact that the offices were in California because he flew out there before he started working for them. Filled out all the paperwork there. And then he traveled through 30, 40 different states on an annual basis and just happened to wind up in Illinois on the date that he got the phone call that he was terminated. Counsel, we've located several cases which seem to say that the place of injury determines the specific jurisdiction, that it's the loss of the job, where the loss of the job occurred. Not what you're arguing, that it's where the defendant made the decision. Well, I think that there may be cases that say where the loss occurred is where the tort took place. But in all of these instances involving jurisdiction, the constitutional due process protections trump any type of decision about where the state believes the tort occurred. So I think you still need to go beyond that. But surely Illinois would have enough if the tort occurred in Illinois, If the tort occurred in Illinois and it arose out of the company's business in Illinois, yes. Absolutely. I don't have any doubt about that. So are you saying because the injury was in Nevada, Illinois isn't the right place? Because the injury was in Nevada, the tort did not arise out of anything that occurred in Illinois. The tort arose because he was injured in Nevada and hadn't filed a worker's compensation claim, but had reported the injury to his employer. And if the theory of the case is that this is in retaliation for reporting the injury to the employer, then yes, that's the site. Where did John Bell live? In Champaign County, Illinois. Now, what if this had occurred? The official from Prudhome, whoever the authority to hire and fire, instead of calling or dropping off a letter, happens to be driving through Champaign on his way to Indianapolis or whatever, drops by Bell's place and says, I want to give you the news directly, don't need your services anymore, you're going to be fired, and that's the way it is. If all the other facts in this case were the same, I would still be arguing that there weren't sufficient minimum contacts with the state of Illinois for the state of Illinois court to assert jurisdiction. That's where we divide. There'd be no question but that the tort occurred there, but we don't have enough minimum contacts in Illinois even under those circumstances? You may not. You may not. Because you don't have the type of general jurisdiction where this court says it's a very high amount, and I'm saying that the minimum contacts... Here's my question. If you have the tort actually occurring in the state, doesn't that substantially reduce the number of minimal contacts involved, maybe even eliminate it? I mean, he got in his car, and at the same time, he ran off a kid in the driveway. Illinois have jurisdiction over that tort? Sure. How come? Well, I would say that that... No business. Let's assume he hasn't been doing any business in Illinois. Or drives across the border in Indiana and runs into a kid on a bicycle. Not doing any business in Indiana, why do they have jurisdiction over that tort? But you're saying that he was doing the traveling on behalf of the corporation, that he's doing it at the instruction of the corporation. He's on a business trip for the corporation. That's why he happens to be in Indiana, pulls off the interstate to go to the beef house and exit Ford and runs into somebody in Indiana. Indiana has jurisdiction, doesn't it? Over the corporation? Well, over him, and if he's acting on behalf of the corporation vicariously, perhaps. I don't know. Don't they have jurisdiction in that case? Doesn't that tort give them jurisdiction if there are no other contacts? I don't believe so, no. I think you have to have... If you're saying that, A, he is traveling at the behest of the corporation, and that the traveling is being done for the corporation, then I think that that does establish the bit of context necessary for the corporation to assert jurisdiction over the corporation. But if he is traveling in Indiana, or driving to Indiana to go to the beef house to grab a meal... No, he's going to a meeting in Indianapolis. In the process, he has to stop the beef, gets off the interstate, or doesn't get off the interstate while driving to the interstate. He reaches for his cell phone that's ringing, and he doesn't see a car that's slowed down and runs into the back of him. I believe if he is on the employer's business at that point, under those circumstances, that yes, you can assert jurisdiction over the corporation. How about in person? Of course. The agent would always be... If the agent is negligent, then you've got jurisdiction over him. Okay, so it's a question of the principal, they have to be doing business... There has to be some minimal context. And if he is on... For vicarious liability to apply? Well, no. That's the difference between liability and jurisdiction, Your Honor. The difference, of course, for liability to apply, he would have to be actually doing the work of an agent of the principal in order for liability to apply. And I suppose that's the issue, as to whether there's minimum context if he is actually doing the employer's business at the time of the tort. Is he not doing the employer's business when he answers the employer's phone call? That's the employee? No. He's not being paid for it. There isn't anything under the wage or hour laws that would require him to be paid for something like that. He's not working for the employer. He's not doing anything on behalf of the employer. Responding to an employer's phone call is not part of his employment? His employment status or his pay would be no different if he responded to it or if he didn't respond to it. Are you saying it would be different if he were answering the phone to take an assignment to a race in Indiana? Or if he were at, well, the issue of how much work needs to be done in order for it to be considered work, I understand what you're saying. But if he is sitting at a call center for Don Perdomo Racing Incorporated and his job is to sit there and answer the phone, then undoubtedly he's answering the phone as part of his employer's business. But merely the employer calling up someone at home and saying, you don't need to bother coming in to work, is not something that affects the employment status one way or the other. It's not work. Well, it affects his knowledge of what the employment status is. I agree with you there. You agree the standard of review is they no vote? It is, especially in this case, because the decision was made based only on written evidence and not on any credibility judgment. And I would ask that the decision of the circuit court be upheld. Thank you, counsel. Ms. Thunderbird, rebuttal? Just very briefly, the reason, I think the trial court found kind of interesting, this notion of where the tort occurred. And if you carry out the defendant's theory to its logical conclusion, let's say that Don Perdomo, the decision maker, decided to take some grand tour around the United States, but he didn't like Illinois. So he toured all 49 states but Illinois. And let's assume in any one of those states, he would have made this call. What the defendant is saying then is jurisdiction would lie in each of those 49 states but not Illinois, which frankly makes no sense. He would also say, for example, if the decision maker was on vacation in Mexico and he made the decision but no phone call, Mexico would have jurisdiction. Wait a minute. I thought he said California would have jurisdiction. Yeah, and that's true. Florida or California. Because the decision apparently was made in California by some decision maker and communicated by the manager who was in Florida. Okay. Thanks for the clarification. Sure. I think you don't have to get to these kinds of tortured analysis, though, because I think the catch-all provision under the long-arm statute takes care of all of this. And the reason I say that is because in construing that statute, what the appellate courts have said is you look at the minimum context. And if the context between the defendant and Illinois are sufficient to satisfy both federal and state due process concerns, then the requirements of the long-arm statute have been met and you don't have to make any other inquiry. So I think that really takes care of this problem. But in any event, I would argue there is jurisdiction under any one of the three theories that we would ask for. Isn't California a more plaintiff-friendly venue to sue than Illinois? Well, I've never sued in California. I would assume that their reputation precedes them. Counsel, what about the concerns that the trial court expressed? This was a phone call that terminated Mr. Bell. Right. What if Mr. Bell happened to be in Indianapolis? Where would the jurisdiction then lie for this lawsuit? I think you could still find jurisdiction here in Illinois because of the minimum context. Well, let's assume for the moment that I'm not satisfied we have any jurisdiction other than on the basis of where the tort occurred. So I'm trying to figure out where the tort occurred. Yeah, that's the problem because I don't think it really depends on where various people are at the point in time. Isn't that Mr. Kerchak's position that, yeah, that's right, so it should be in California? We know where that is. Sure, absolutely. Is there any question but that California would have jurisdiction over this lawsuit? I don't believe so. That's the location of the defense. Right, they're located there. If I wanted to, I guess I could have flown to California and filed suit there. I think that the real inquiry here is, you know, employment by its very nature is a contract. And so this contract is situated in the state of Illinois. At least part of it was carried out here. You know, the defendant here reached out to my client. There's no dispute that they actually called my client to initiate this whole employment relationship. And at least part of it was carried out here in Illinois. And so I think all of those things get the state of Illinois. I'm concerned about the location of the tort business still. Why shouldn't we view as entirely fortuitous where both the caller and the plaintiff was when this call was made? How would the location of either provide for the locus of the tort? I'm not sure that the location itself is so important as where this contract was being carried out and where it was terminated. An Illinois employment contract has been terminated. I'm saying, assuming I don't buy that,  I want to go back to my question and why should we, why should entirely fortuitous circumstances in this mobile society, as evidenced by the very people involved here, why should the fact that he picked up the phone in Illinois, and especially with cell phones not even attached to your residence anymore, why should that be the determining factor in the location of the tort? Because here, the reason I think it's a determining factor or should be considered by this court, is because the defendant hired an Illinois resident. They knew he was located here. It should have come as no surprise to the defendant that they are being asked to defend when they have terminated this Illinois contract. And if he had been in Indiana when the call came, then what? Does Indiana have jurisdiction? We didn't accept. I'm assuming we don't accept that Illinois had general jurisdiction. Then what? I don't think that Indiana would have jurisdiction, because really that has nothing to do with the guy sitting over in Indiana. It really has to do with where is this contract and employment relationship located. You know, following up on Justice Steigman's comment about this fortuitous placement in Illinois, does it matter whether this gentleman's employee is on a cell phone or a traveling computer and getting this off a satellite? I don't think it matters at all. I think the problem is, you know, before when we were less mobile, you wouldn't have a lot of these issues coming up because people, you know, there wouldn't be multiple places that people could take information. Did we have a record whether he was on a landline when he received this phone? No. The affidavit says that I was at my home in Illinois when I received a phone call from Prudhomme. And that's as to what kind of device he was using? Right. It did not say that. That's true. Thank you, Council. Thank you.